**900**

weight of authority; "proceed[ing] upon false principles"; and reflecting only an "assumed general view of the bulk of mankind," unsupported by conventional sources such as "dictionaries and other similar authorities"). Nevertheless, since *Dunham* has effectively served to establish a governing rule of property law in Pennsylvania for over a century,[1] too many settled expectations rest upon it for the courts to upset it retroactively. Accordingly—while, at least in the abstract, Appellees make a good case for fairer rules tied more closely to the general intentions of parties to land-interest conveyances, and, elsewhere, the *Dunham* Rule is recognized to be a very strict and idiosyncratic one—I join the majority in determining that the rule should pertain in the present scenario.

Finally, I note that, in terms of modern conveyances, the parties certainly have the ability to negate the impact of the *Dunham* decision by making their intentions clear on the face of the written instrumentation. This lessens the need for this Court to consider fashioning a new, prospective rule.

**R & R EXPRESS, Appellant**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Supreme Court of Pennsylvania.

April 24, 2013.

### *ORDER*

PER CURIAM.

**AND NOW,** this 24th day of April, 2013, the Order of the Commonwealth Court is hereby **AFFIRMED.**

**Frederick William MARKOVITZ, IV, Appellant**

v.

**John WETZEL, Secretary of the Department of Corrections, Appellee.**

Supreme Court of Pennsylvania.

April 24, 2013.

---

1. In this regard, on account of *Dunham*'s shortcomings, I find the "rule of property law" denominator more accurate than a characterization of *Dunham* as a sustainable effort to assess the actual intentions of the parties to a conveyance. *Accord* 1A Summers Oil and Gas § 7:16 (3d ed.2012) (explaining that the Pennsylvania post-*Dunham* decisions have "adhered to that view, not so much because the court was sure that in its ordinary sense the term 'minerals' did not include oil and gas, but because the previous decision had become a rule of law on which land titles in that state were based").

## ORDER

PER CURIAM.

**AND NOW,** this 24th day of April, 2013 the Order of the Commonwealth Court is AFFIRMED.

■

**Edward HOBSON, Appellant**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Appellee.**

Supreme Court of Pennsylvania.

April 24, 2013.

## ORDER

PER CURIAM.

**AND NOW,** this 24th day of April, 2013, the Order of the Commonwealth Court is **AFFIRMED.**

■

**Sabrina BOWMAN, Appellant**

v.

**SUNOCO, INC., Appellee.**

Supreme Court of Pennsylvania.

Argued March 6, 2012.

Decided April 25, 2013.